## GRACE GRIFFIN v. JAMES W. HELME, JR., CIRCUIT COURT COMMISSIONER OF LENAWEE COUNTY.

*Execution against the person—Bond for jail limits—Poor debtors' act.*

Chapter 309, How. Stat., which provides for the release of poor debtors from imprisonment, does not apply to a debtor who has given a bond for the jail limits; citing *Miller v. Strabbing,* 92 Mich. 300.

*Certiorari* to review the action of a circuit court commissioner in discharging a defendant from liability on his bond given for the jail limits, under the poor debtors' act. Argued January 12, 1893. Proceedings quashed January 20, 1893. The facts are stated in the opinion.

*George W. Ayers* and *Watts & Smith,* for petitioner.

*James W. Helme, Jr., in pro per.*

LONG, J. This is a proceeding by *certiorari* to review the action of the circuit court commissioner of Lenawee county in discharging one Phillip Henning from his bond given for the jail limits.

Henning was arrested on a *capias* issued out of the circuit court for that county upon a judgment, at the suit of the petitioner in this proceeding, in an action of seduction. The plaintiff, after the rendition of the judgment in her favor, caused an execution to be issued against the goods and chattels of defendant, Henning, which was returned unsatisfied. Thereafter she caused a *capias ad satisfaciendum* to be issued, upon which the defendant was arrested, and gave bonds for the jail limits of the county on July 1, 1890. On May 2, 1891, defendant, Henning, presented to the keeper of the jail of the county a notice that he was unable to pay the judgment, and was desirous of taking the benefit of the law for the relief of poor debtors, being chapter 309, How. Stat. The jailer took the notice to the circuit court commissioner, and made known to him the desire of Henning to take the benefit of the statute. Notice was thereupon given by the commissioner to the attorneys of the plaintiff in the action, and he appointed May 7, 1891, as the time of hearing Henning's claim. The attorneys for the plaintiff in the action appeared, and moved to quash the proceedings upon the ground that Henning was not entitled to the benefit of the statute, for the reason that he was not actually confined in the jail, and that the statute did not apply to one who was upon the limits under a bond. The commissioner overruled the objection, and discharged Henning from liability under his bond given for the jail limits.

At the time this proceeding was had, the case of *Miller v. Strabbing*, 92 Mich. 300, had not been decided by this Court. It was held in that case that this statute

does not apply to one who is upon the jail limits under a bond, but only applies to the case of one actually confined in or committed to the jail at the time the application for discharge is made under this statute.

The proceedings before the commissioner must be quashed. The plaintiff in the original suit will lose no rights by this proceeding which she had obtained by the arrest on *capias*.

At the time this proceeding was had before the commissioner, this statute had not been construed. Consequently, no costs will be awarded.

The other Justices concurred.