RUSIEWSKI *v.* MICHALSKI.

POOR DEBTORS' ACT—IMPRISONMENT—DISCHARGE.

> Under the terms of 3 Comp. Laws, § 9701 *et seq.*, relating to the release of poor debtors from imprisonment, it is not sufficient to entitle the debtor to his discharge that he has been under bonds for the jail limits for the period fixed by the statute, although at the date of the application he is actually in the custody of the sheriff.

*Certiorari* to Kent; Perkins, J. Submitted January 12, 1904. (Docket No. 21.) Decided January 26, 1904.

Alexander Rusiewski obtained a judgment against Anthony Michalski for assault and battery, and caused his arrest on a *ca. sa.* Defendant brings *certiorari* to review an order denying his application for relief under the poor debtors' act. Affirmed.

*Thompson & Temple*, for plaintiff in *certiorari.*

*E. L. Bullen* (*McKnight & McAllister*, of counsel), for defendant in *certiorari.*

MONTGOMERY, J. The plaintiff in *certiorari* was arrested on a *capias ad satisfaciendum* at the instance of defendant in *certiorari*. The debtor gave bonds for the jail limits, and after the lapse of six months was surrendered by his bondsmen to the sheriff, and at once applied to be relieved under the terms of the poor debtors' act (chapter 266, §§ 9701–9713, 3 Comp. Laws). The circuit judge held that the statute contemplates that, before the debtor shall be entitled to his discharge under section 9701 *et seq.*, he must have been imprisoned in the county jail for the period fixed by the statute. It is contended in this court that, if the debtor be actually in custody of the sheriff at the date of the application, it is a sufficient com-

pliance with the statute to show that he has been in nom-
inal custody for the period fixed by statute; *i. e.*, under
bonds for the jail limits.    We consider this contention to
be in conflict with our holdings in *Miller* v. *Strabbing*,
92 Mich. 300 (52 N. W. 453), and *Griffin* v. *Helme*, 94
Mich. 494 (54 N. W. 173).    See, also, 1 Stev. Mich. Prac.
§ 240.

The ruling of the circuit judge is affirmed, with costs.

The other Justices concurred.